**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER STOLLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-02546 |
| | ) | |
| THOMAS FUMO et al. | ) | |
| | ) | Assigned Judge: Edmond E. Chang |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO**
**RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendants KOVITZ SHIFRIN NESBIT ("KSN"), ROBERT P. NESBIT ("Nesbit"), NICHOLAS MITCHELL ("Mitchell"), DIANE SILVERBERG ("Silverberg"), ALAN KOVITZ ("Kovitz"), RONALD KAPUSTKA ("Kapustka") and WENDY DURBIN ("Durbin") (collectively referred to as the "KSN Defendants"), by and through their attorneys, Nicholas R. Mitchell and Brandon R. Wilson, and for their Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 against Plaintiff, CHRISTOPHER STOLLER ("Stoller"), hereby state as follows:

## I. Introduction

As the latest in a long line of frivolous lawsuits, Plaintiff Christopher Stoller ("Stoller"), filed a thirty count Amended Complaint against the KSN Defendants (among other parties). Stoller alleges that the KSN Defendants directed and colluded with Reliable Management Realty, Ltd. ("Reliable Management") in connection with Reliable Management's transmittal of two invoices to Stoller seeking to collect over three years of unpaid rent, penalties and fees. The Amended Complaint implicates the KSN law firm and several of its attorneys, many of whom have never had any interaction with Stoller and have never worked on a matter that involves him.

Egregiously, Stoller proceeds against numerous defendants personally while failing to allege a plausible basis for holding any employee or shareholder of a professional corporation individually liable. Stoller's frivolous inclusion of individual attorneys as defendants is best exemplified by his six Fair Debt Collection Practices Act ("FDCPA") claims wherein he recklessly names every single defendant. Stoller proceeds against attorneys pursuant to the FDCPA while failing to adduce a single fact to support (or attempt to support) a theory for piercing the corporate veil. Stoller's Amended Complaint contains numerous, repetitive counts for fraud; yet, the pleading does not come close to meeting the stringent requirements of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). At best, Stoller failed to conduct any reasonable investigation into the merits of his claims before filing the Amended Complaint. At worst, and more likely, Stoller filed this frivolous lawsuit to harass KSN and frustrate its efforts to prosecute an eviction case against Stoller on behalf of its client, Wesley Terrace Condominium Association.

Stoller continues to advocate for his legally unmeritorious pleading even though the KSN Defendants have provided him with an opportunity to withdraw the Amended Complaint. The amended pleading clearly fails to consider or account for a single argument raised by the KSN Defendants in a previously-filed Motion to Dismiss, which Stoller was to consider in connection with filing an amended complaint in lieu of responding to the motion. Essentially, Stoller has "doubled down" and continues to proceed on the same legally unmeritorious claims he filed in his original complaint. Instead of attempting to correct previously identified deficiencies Stoller proceeds by filing eighteen additional, yet redundant, claims to his case while failing to provide any new facts to justify those claims. As such, sanctions are warranted.

## II.    Argument

### A.      Standard for Rule 11 of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 11(b)(2) ("Rule 11") provides in pertinent part as follows:

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances …(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

A court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose.  Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998).   In particular, a frivolous argument or claim is one that is baseless and made without a reasonable and competent inquiry.  Id.  While status as a *pro se* litigant may be taken into account, sanctions can be imposed for any suit that is frivolous.  Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir. 1990).  Such a standard is particularly true when the *pro se* litigant has a long history of filing frivolous claims and has already been sanctioned for such conduct, as explained in greater detail below.

### B.      The FDCPA claims against the individual KSN Defendants are frivolous.

Stoller asserts six FDCPA claims (Counts I, II, III, XIV, XV and XVI) against the individually named KSN Defendants (collectively referred to as the "Individually Named Attorneys") without any allegations whatsoever to suggest that there is a valid basis for piercing the corporate veil.  The Seventh Circuit has condemned boilerplate allegations of individual liability as against owners, officers, and directors of debt collection companies and has stated on multiple occasions that such suits are notable candidates for potential sanctions

under Rule 11. Dudley v. Legal Investigations, Inc., 2007 U.S. Dist. LEXIS 21653, 52 (N.D. Ill. 2007). The Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil. White v. Goodman, 200 F.3d 1016, 1019 (7th Cir. 200). Here, Stoller has done exactly what the Seventh Circuit has condemned; Stoller advances boilerplate allegations of individual liability while offering no facts that create a viable veil piercing theory. Stoller not only fails to allege a plausible veil piercing theory, but he offers little-to-no explanation for how nearly all the Individually Named Attorneys were remotely involved in collecting a debt against him. For example, attorney Diane Silverberg is named as a defendant. However, there is not a single allegation in the Amended Complaint directed against her. The only plausible explanation for the inclusion of the Individually Named Attorneys' is an underlying motivation to harass and frustrate KSN from prosecuting an eviction claim that Stoller acknowledges in his Amended Complaint. This is particularly true when considering that KSN is not alleged to have directly collected a debt from Stoller and, instead, is only alleged to have assisted Reliable Management in its collection efforts.

**C.    Stoller's fraud claims are woefully deficient and warrant sanctions.**

Stoller advances a series of fraud claims; however, his fraud claims fall remarkably short of the pleading standard imposed by Rule 9(b). Eight of Stoller's thirty claims are for fraud - Counts IV, XVII and XXIV (Illinois Consumer Fraud Act), Count V (mail fraud), Count VI (billing fraud), Counts X and XXIX (fraud) and Count XIX (document fraud). When alleging fraud, even in a "notice pleading" jurisdiction, a party must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). Rule 9(b) requires a plaintiff to plead

the "who, what, when, where, and how" of the alleged fraudulent conduct.  Gavin v. AT&T
Corp., 543 F. Supp. 2d 885, 896 (N.D. Ill 2008).

Here, Stoller pleads no facts to support his fraud claims, let alone facts with
particularity.  Instead, he alleges that Reliable Management sent him two invoices and just
presumes that the KSN Defendants directed Reliable Management to do so.  There are no facts
to support Stoller's theory beyond general assertions that the KSN Defendants conspired with
Reliable Management or directed Reliable Management to send the two invoices.  Furthermore,
Stoller fails to allege that he was deceived by the disputed invoices, thereby failing to establish
proximate cause, which is a prerequisite for nearly all of his claims.  See Cmty. Bank of
Trenton v. Schnuck Mkts. Inc., 887 F.3d 803, 822 (7th Cir. 2018).  Thus, Stoller not only fails
to plead his fraud claims with particularity, but he fails to plead core elements of his claims and
he continues to fail to plead those core elements of his claims despite a previous motion to
dismiss that identified this significant defect.  In actuality, Stoller cares not whether he states a
cause of action and only filed this suit to harass the KSN Defendants.

**D.      Stoller utterly failed to conduct any due diligence or any pre-litigation
          diligence.**

The sparse allegations in the fraud counts also illustrate that Stoller performed
absolutely no pre-filing investigation before filing suit.  Instead, with reckless abandon Stoller
advances claims that are nothing more than an attempt to extort and tarnish the professional
reputations of those he deems his adversaries.  Stoller's motives are clear from a series of
communications he issued to a multitude of attorneys within the KSN law firm upon his receipt
of the second disputed invoice from Reliable Management.  True and correct copies of emails
the KSN Defendants received from Stoller immediately following his receipt of the disputed
invoice are attached hereto as Exhibit A (without attachments).  As noted above, Stoller

completely failed to consider the prior Motion to Dismiss filed by the KSN Defendants and his amended pleading does not attempt to address any of the deficiencies that existed with the previous filing. Stoller was previously put on notice of many of the legal deficiencies that the KSN Defendants are again forced to address in a second motion to dismiss as Stoller did not make the slightest effort to withdraw deficient claims and legal theories. For this reason also, sanctions are warranted.

Yet another example of Stoller's failure to exercise due diligence before filing his Amended Complaint is Stoller's interchangeable references to Jordan Shifrin and Michael Shifrin as a defendant. In his original complaint, Stoller named Michael Shifrin as a defendant, presumably under the misbelief that Michael Shifrin is/was a founding principal of the Kovitz Shifrin Nesbit law firm. In the Amended Complaint, the case caption reflects that Stoller has swapped Jordan Shifrin in Michael Shifrin's place as a defendant, but the allegations in the Amended Complaint switch between Jordan Shifrin and Michael Shifrin. This interchange is particularly shameless as, in one paragraph, Michael Shifrin is referred to as a ringleader of the fraud perpetrated against Stoller. (Dkt. #29, Amended Complaint, ¶¶ 16, 18). Yet, Michael Shifrin has not been employed by Kovitz Shifrin Nesbit since April of 2018. Further, Jordan Shifrin retired from the Kovitz Shifrin Nesbit law firm and is listed as a retired principal on the firm's website. Stoller knows, or should have known, that Jordan Shifrin could not possibly have been involved in any purported wrongdoing. For these reasons also, sanctions are warranted against Stoller.

### E. Stoller has previously been sanctioned for the very conduct he engages in during this litigation and, evidently, has failed to learn any lesson.

Stoller's conduct is simply the latest in a long line of frivolous filings filed in connection with his tireless efforts to continue residing rent-free at the Wesley Terrace

Condominium Association.  On May 10, 2019 the Honorable Jerry A. Esrig, siting in the Circuit Court of Cook County, entered a $45,066.66 sanction award against Stoller and in favor of the Wesley Terrace Condominium Association, Reliable Management Realty, Ltd., and numerous attorneys defending them in litigation advanced by Stoller.  A true and correct copy of the sanctions order entered in the Circuit Court of Cook County is attached hereto as Exhibit B.  The claims in that case also arose out of the same Wesley Terrace Condominium Association eviction claim that Stoller references in his Complaint in this matter and, in awarding sanctions, Judge Jerry A. Esrig observed that Stoller's actions and pursuit of frivolous litigation "show a complete disregard for judicial process and deliberate abuse of the court. This is in keeping with many other occurrences in many other courts by the Stoller brothers." (Exhibit B, p. 7).  The Court went on to conclude that Stoller "knew the claims raised in this case lacked merit, and that his only objective in filing this frivolous lawsuit – and in needlessly perpetuating it through frivolous filings – was to harass and to needlessly increase the cost of a lawsuit that never should have been filed in the first place."  (Exhibit B, p. 8).  As in the Cook County litigation, Stoller's frivolous claims warrant the imposition of sanctions because he is pursuing his claims in this forum with no objective other than to harass.

> **D.  Stoller's negligence claims and duplicative counts exemplify Stoller's carelessness and true intention to harass the KSN Defendants.**

Count VIII, as well as the duplicative Count XXVII, of the Amended Complaint contain purported claims for negligence.  Stoller cannot possibly believe that KSN owed him a duty.  It is axiomatic that an attorney does not owe a duty of care to third parties with a single limited exception.  Schechter v. Blank, 254 Ill. App. 3d 560, 564 (1st Dist. 1993).  In cases of an adversarial nature (like the one between Stoller and Wesley Terrace Condominium Association), KSN would only owe a duty of care if there is a clear indication that the

representation by the attorney is intended to directly confer a benefit upon the third party. Pelham v. Griesheimer, 92 Ill. 2d 13, 23 (1982). Stoller cannot plausibly claim that KSN was retained to benefit him. Stoller's negligence claims have been asserted without any analysis or inquiry into whether they have legal merit – indeed the previously-filed Motion to Dismiss directly stated as much. The negligence claims are frivolous, without any proper legal basis and sanctions are warranted against Stoller.

A referenced above, the KSN Defendants previously filed a Motion to Dismiss in opposition to Stoller's original Complaint, which contained a negligence claim. At that time the KSN Defendants transmitted a proposed Rule 11 Motion to Stoller. The original Motion to Dismiss and proposed Rule 11 Motion raised many of the same legal arguments that the KSN Defendants again assert to oppose Stoller's negligence claims. Nonetheless, Stoller still proceeds with identical negligence claims against the KSN Defendants. Stoller's failure to make even a reasonable effort at advancing a meritorious lawsuit warrants the imposition of sanctions. Stoller's carelessness is also exemplified by the duplicative counts. There are two counts for negligence (Count VIII and Count XXIII), two counts for aiding and abetting (Count VII and Count XXVI), two counts for negligent hiring and supervision (Count IX and Count XXVII), two counts for fraud (Count X and Count XXIX), two counts for intentional infliction of emotional distress (Count XI and XXX) and two counts for civil conspiracy (Count XIII and Count XXII). Instead of analyzing his claims in conjunction with the arguments asserted in the Motion to Dismiss, Stoller chose to "cut and paste" multiple allegations simply to increase the size and scope of his complaint. This is the definition of "bad faith"; sanctions are warranted.

**E.      KSN has followed Rule 11's safe harbor provision.**

A copy of this Motion, along with a letter demanding the withdrawal of the Amended Complaint, was transmitted to Stoller prior to the filing of this Motion. A true and correct copy of the demand letter is attached hereto as Exhibit C. The demand letter provided Stoller with twenty-one days to withdraw his pleading in accordance with Rule 11. (Exhibit C). Stoller's failure to withdraw the Amended Complaint renders this Motion proper under Rule 11. In fact, instead of providing a good faith response to the Rule 11 demand letter, Stoller responded with threats of disbarment and criminal prosecution which only furthers illustrates why significant sanctions are warranted. A true and correct copy of Stoller's email response is attached hereto as Exhibit D. Finally, as noted above, this is the second time the KSN Defendants have been forced to transmit a safe harbor letter to Stoller. A true and correct copy of the first safe harbor letter sent to Stoller in connection with the first Motion to Dismiss, as well as Stoller's response to that letter, is attached hereto as Exhibit E. Stoller notably responded to the first safe harbor letter much like he responded to the second safe harbor letter, with threats of disbarment. As a result, sanctions are warranted.

### III.    Conclusion

For several years, Stoller has shown a complete disregard for the judicial system and the professional reputation of anyone who has the audacity to hold him accountable for his refusal to abide the law. Unless and until Stoller is sanctioned in a significant manner, he will continue wasting judicial resources with frivolous filings. Here, despite receiving roughly two months to amend his complaint, Stoller filed an Amended Complaint that failed to address, account for or acknowledge any of the arguments raised by the Defendants during the first round of motions to dismiss. Instead, the KSN Defendants are forced to respond to a 30-count lawsuit that not only includes numerous duplicative claims and reflects a stunning inability to properly identify who

Stoller is suing, but also reasserts every legal theory that the KSN Defendants have already identified as improper.

**WHEREFORE**, the KSN Defendants respectfully request that this Court grant their Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 and that the Court award such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

KOVITZ SHIFRIN NESBIT, ROBERT P. NESBIT, NICHOLAS MITCHELL, DIANE SILVERBERG, ALAN KOVITZ, RONALD KAPUSTKA AND WENDY DURBIN

By: _____
Brandon R. Wilson, One of Its Attorneys

Brandon R. Wilson (#6307336)
Nicholas R. Mitchell (#6280640)
**KOVITZ SHIFRIN NESBIT**
*Attorneys for Defendants*
175 N. Archer Avenue
Mundelein, IL 60060
847.537.0500 Ph. / 847.537.0550 Fax
bwilson@ksnlaw.com

From: L Stoller <ldms4@hotmail.com>
Sent: Monday, April 15, 2019 8:13 PM
To: John H. Bickley III <jbickley@ksnlaw.com>; Janelle A. Dixon <JDixon@ksnlaw.com>; Wendy Durbin

**EXHIBIT A**

1

<WDurbin@ksnlaw.com>; Kelly C. Elmore <KElmore@ksnlaw.com>; kissecretary@comcast.net; philip kiss
<philip_kiss@comcast.net>; ldms40 Gmail <ldms40@gmail.com>; Seth W. Goettelman <SGoettelman@ksnlaw.com>;
Katharine W. Griffith <KGriffith@ksnlaw.com>; Richard W. Hillsberg <RHillsberg@ksnlaw.com>; Timothy C. Jacobs
<TJacobs@ksnlaw.com>; Ronald J. Kapustka <RKapustka@ksnlaw.com>; Robert B. Kogen <RKogen@ksnlaw.com>; Alan
D. Kovitz <AKovitz@ksnlaw.com>; Michael G. Kreibich <MKreibich@ksnlaw.com>; Omar K. Malik
<OMalik@ksnlaw.com>; Nicholas R. Mitchell <NMitchell@ksnlaw.com>; Matthew L. Moodhe
<MMoodhe@ksnlaw.com>; donaldfumo@sbcglobal.net
Subject: Re: NOTICE OF .FEDERAL DISTRICT COURT CASE

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

ATTENTION ALL KOVITS LAWYERS

**KERRY T. BARTELL, DAVID M. BENDOFF, JOHN H. BICKLEY III, JANELLE DIXON , WENDY DURBIN, KELLY C. ELMORE, SETH W. GOETTELMAN, KATHARINE W. GRIFFITH, RICHARD W. HILLSBERG, TIMOTHY C. JACOBS, JULIE A. JACOBSON, RONALD J. KAPUSTKA, ROBERT B. KOGEN, MICHAEL G. KREIBICH, OMAR K. MALIK, NICHOLAS MITCHELL, NICHOLAS MITCHELL, ROBERT P. NESBIT, THOMAS M. OLSON , MATTHEW J. O'MALLEY , JASON E. ORTH, NEHA A. PARIKH , PAMELA J. PARK, AMY K. PETERSELLI , CHRISTOPHER E. RALPH, JESSICA L. RYAN, DAVID B. SAVITT, JORDAN I. SHIFRIN , RYAN H. SHPRITZ , DIANE J. SILVERBERG , and GERALD J. SMOLLER**

**NICKOLAS MITCHELL**

You stated that you would accept service of summons and complaint on behalf of your partners.

Please find a copy of the Federal District Court Mail Fraud case that filed against you and y our partners in the Northern District of Illinois, Mr. Mitchel. Although all of the Kovitz lawyers have not been named as of this date, we expect that through discovery we will find additional Kovitz lawyers who will become defendants in this lawsuit.

**Mr. Mitchel, please respond by 12:00 noon Tuesday April 16, 2019.**

**We invite any Kovitz lawyer who would be willing to cooperate with us to contact us immediately.**

Act Accordingly

Christopher Stoller
www.rentamark.net



## SUE THE BASTARDS

CHICAGO (AEAE) A complaint was filed with the Illinois Attorney General Office today alleging that the Chicago lawfirm of Kovitz Shifrin Nesbitz (KSN) aided and abetted their client, Oak Park,…

www.rentamark.net

---

**From:** L Stoller <ldms4@hotmail.com>
**Sent:** Saturday, April 13, 2019 12:45 PM
**To:** jbickley@ksnlaw.com; JDixon@ksnlaw.com; wdurbin@ksnlaw.com; kelmore@ksnlaw.com; kissecretary@comcast.net; philip kiss; ldms40 Gmail; sgoettelman@ksnlaw.com; kgriffith@ksnlaw.com; rhillsberg@ksnlaw.com; tjacobs@ksnlaw.com; rkapustka@ksnlaw.com; rkogen@ksnlaw.com; akovitz@ksnlaw.com; mkreibich@ksnlaw.com; omalik@ksnlaw.com; nmitchell@ksnlaw.com; mmoodhe@ksnlaw.com; donaldfumo@sbcglobal.net
**Subject:** Re: NOTICE OF .U.S. POSTAL FRAUD COMPLAINT

Notice anything you say or put in writing regarding the Wesley Terrace Condominium Association matter regarding Christopher Stoller in any court proceeding, can and will be used against you Nickolas Mitchell, the Kovitz lawyers and Wesley Terrace Condominium Association, Don Fumo, Reliable Realty Management Ltd. in relationship to my mail fraud complaint filed against you and your law firm today.

Mitchel you tell Fumo to service a fraudulent bill on me for $109,983.66 and use the U.S. Mail to effect your alleged "mail fraud scheme" will be you and the Kovitz firm's undoing, after 35 years of taking advantage of disadvantaged persons, through the alleged "eviction mill", that your organization has operated for 35 years.

All it takes is one bad apple to bring down a law firm.

Act Accordingly

Christopher Stoller

---

**From:** L Stoller <ldms4@hotmail.com>
**Sent:** Friday, April 12, 2019 11:21 PM
**To:** jbickley@ksnlaw.com; JDixon@ksnlaw.com; wdurbin@ksnlaw.com; kelmore@ksnlaw.com; kissecretary@comcast.net; philip kiss; ldms40 Gmail; sgoettelman@ksnlaw.com; kgriffith@ksnlaw.com; rhillsberg@ksnlaw.com; tjacobs@ksnlaw.com; rkapustka@ksnlaw.com; rkogen@ksnlaw.com; akovitz@ksnlaw.com; mkreibich@ksnlaw.com; omalik@ksnlaw.com; nmitchell@ksnlaw.com; mmoodhe@ksnlaw.com; donaldfumo@sbcglobal.net
**Subject:** NOTICE OF ILLINOIS ATTORNEY GENERAL COMPLAINT FILED AGAINST THE KOVITZ FIRM AND RELIABLE MANAGEMENT REALTY LTD.

1. Please find a copy of an Illinois Attorney General Complaint filed against the Kovitz firm.

2. Complaints have also been filed with the U.S. Attorney for the Northern District of Illinois

3. With the U.S. Postal Inspectors for mail fraud

4. Individual attorney disbarment complaints will be filed against each attorney with the Kovitz firm in Illinois and in each Federal District where they are licensed to practice law on Wednesday April 17, 2019.

# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Christopher Stoller et al., | |
| Plaintiff, | No. 17 L 6178 |
| v. | Calendar S |
| Wesley Terrace Condominium Association et al., | Judge Jerry A. Esrig |
| Defendants. | |

## ORDER

Before the court is defendants Wesley Terrace Condominium Association (Wesley Terrace), Reliable Management Realty, Ltd. (Reliable), Cassiday Schade LLP (Cassiday), Bradford D. Roth, Jean M. Golden, Joseph A. Giannelli, Trisha Tesmer, and Robert H. Summers Jr.'s motion for sanctions under Illinois Supreme Court Rule 137.[1] Plaintiff Christopher Stoller (Christopher) and his brother, Leo Stoller (Leo), who is not a named party in this case, have also filed a cross-motion for sanctions. For the reasons stated below, the court grants defendants' motion and denies the Stollers' cross-motion.

I.

This case originates from a landlord-tenant dispute between Wesley Terrace and Christopher. The four-year-old row has now spilled into municipal, multiple law division, and appellate courtrooms.

A. Eviction Proceeding

On February 23, 2016, Wesley Terrace filed an eviction proceeding against Christopher in municipal court, alleging $2,252.28 in past-due rent.[2] Christopher's response to the evic-

---

[1] On October 11, 2017, defendants Cassiday Schade LLP, Bradford D. Roth, Jean M. Golden, Joseph A. Giannelli, Trisha Tesmer, and Robert H. Summers Jr. moved to join Wesley Terrace and Reliable's motion for sanctions.

[2] *See* Complaint for Possession and Judgment, *Wesley Terrace Condo. Ass'n v. Stoller*, No. 16-M4-881 (Ill. Cir. Ct. Feb. 23, 2016).

tion proceeding was that the lease he had signed was between himself and Wesley Court Condominium (Wesley Court) but was later modified to substitute Wesley Terrace, a separate legal entity, for Wesley Court. This modification, he argued, rendered the lease void.

B. *Stoller I*

Six days after Wesley Terrace filed the eviction proceeding, on February 29, 2016, Christopher filed a *pro se* lawsuit, *Stoller v. Wesley Court Condo.*, No. 16 L 2135 (*Stoller I*), in the law division. Christopher brought the lawsuit on behalf of himself and his nephew, Michael Stoller (Michael), alleging that the eviction proceeding was brought in retaliation for Christopher's having complained to the Village of Oak Park about purported building code violations.[3] Christopher sued Wesley Court and its officers; Reliable and its president; Dowling Apartments, Inc. and its president; Kovitz Shifrin Nesbit (Kovitz), the law firm representing Wesley Terrace in the eviction proceeding; twelve Kovitz attorneys; and ten "Does," which included unknown contractors, lawyers, law firms, building developers, process servers, and realtors.

On April 21, 2016, an amended complaint was filed, adding Christopher's brother, Leo, as a plaintiff. The amended complaint also added as defendants Cassiday, the law firm that had filed an appearance on behalf of Wesley Terrace and Reliable; four Cassiday attorneys, including the attorney who filed Cassiday's appearance; All American Attorney Services, the company that employed the process server for Wesley Terrace's eviction notice; the individual process server who signed the eviction notice; and the notary who signed the eviction notice. The amended complaint was 54 pages long and alleged 22 total counts against the defendants in relation to the plaintiffs' eviction.

On August 4, 2016, the plaintiffs moved, under 735 ILCS 5/2-1009, to voluntarily dismiss their complaint. Judge Sanjay Tailor granted the motion over defendants' objection. Certain defendants then moved, under 735 ILCS 5/2-1009(a), to be reimbursed for costs. After a hearing, which the plaintiffs failed to attend, Judge Tailor granted the defendants' motion for costs. Judge Tailor concluded his August 22, 2016 order by noting that

---

[3] *See* Plaintiffs' Complaint and Jury Demand, *Stoller v. Wesley Court Condo.*, No. 16 L 2135 (Ill. Cir. Ct. Feb. 29, 2016).

"*[u]pon payment of costs*, [the] case shall be voluntarily dismissed." (emphasis added).

Four days later, on August 26, 2016, the plaintiffs moved to set aside Judge Tailor's order on the grounds that Christopher he had been involved in a car accident and was unable to attend the hearing.[4] Following argument on the plaintiffs' motion, Judge Tailor awarded "Wesley Terrace Condominium Association et al." $686, the "Cassiday Def's [sic] et al." $458, and "Kovin Shifrin, [sic] Nesbit Law Firm" $239.74. This order was entered on September 8, 2016, and the plaintiffs appealed it on the same day.[5]

C. Current Case

On June 19, 2017, Christopher commenced the action currently before the court. The claims in the current case arise, as they did in *Stoller I*, from the eviction proceeding that Wesley Terrace purportedly brought in retaliation for Christopher's complaints to Village of Oak Park.[6] Christopher's amended complaint is 65 pages long, alleges 26 total counts, and repeats, verbatim, factual allegations contained in the *Stoller I* complaint. Christopher has sued practically all of the same defendants that he sued in *Stoller I* and has continued to pile on even more defendants. The current case adds as defendants fifty-seven individual unit owners of Wesley Terrace[7] and ten additional "Does," which include "Errors and Admissions [sic] Carriers and Insurance carriers et al."

On October 6, 2017, Wesley Terrace, Reliable, Cassiday, and the individual Cassiday attorneys moved to dismiss under 735 ILCS 5/2-619(a)(3) and for sanctions under Illinois Supreme Court Rule 137. On February 15, 2018, the court found that the complaint in this case was essentially a re-filing of *Stoller I*. Plaintiffs were ordered to provide proof that, before filing this lawsuit, they paid the costs Judge Tailor had ordered them to

---

[4] *See* Motion to Set Aside an Ex Parte Default Judgment, *Stoller v. Wesley Court Condo.*, No. 16 L 2135 (Ill. Cir. Ct. Aug. 26, 2016).

[5] *See* Notice of Appeal, *Stoller v. Wesley Court Condo.*, No. 16 L 2135 (Ill. Cir. Ct. Sept. 8, 2016).

[6] (*See, e.g.*, Compl. ¶ 186 ("This controversy was entirely precipitated by the Defendants' letter to the Plaintiff on February 3, 2016, which included a Landlord's 5 Day Notice to the Plaintiff.").)

[7] On August 30, 2017, a predecessor judge entered an order releasing and declaring void 70 *lis pendens* that Christopher had improperly filed against individual unit owners.

3

pay in *Stoller I* as a contingency for granting their voluntary dismissal. No such proof was ever provided.[8]

As a result, on March 6, 2018, this court found that *Stoller I* was still pending, dismissed plaintiffs' complaint, and granted defendants' motion for sanctions. The court directed defendants to submit a petition for fees and costs, and entered a briefing schedule on defendants' petition. Plaintiffs were granted until April 24, 2018, to respond.

On April 23, 2018, Christopher filed a document entitled "Motion for a Rule 137 Sanctions," asserting that he was "entitled to th[e] court granting its [sic] request for a Rule 137 sanction," the "appropriate sanction [being] . . . to deny the Defendants' [sic] the relief sought in their attorney Fee Petition." The motion asked, in the alternative, for an extension of time to respond to defendants' petition. On May 8, 2018, the court allowed Christopher additional time, until June 5, 2018, to file his response to defendants' petition.

On July 11, 2018, the parties appeared for a case management conference, and the court ruled on several motions. The court amended its March 6, 2018 order to indicate that defendants' motion for sanctions was granted only as to Christopher. Defendants' motion was continued as to Philip Kiss, Wayne Rhine, and Leo, and the court granted them until August 8, 2018, to respond. The court set the matter for hearing on September 21, 2018, for determination of the amount of sanctions to be entered against Christopher; whether sanctions should be entered against Philip Kiss, Wayne Rhine, and Leo; and, if so, the amount of such sanctions. The court also found:

> To the extent the complaint named Michael Stoller as a plaintiff in this case, Michael Stoller did not have capacity to file this cause in his own name[,] and to the extent the suit was filed by Christopher Stoller on Michael Stoller's behalf, it was improper [because] Christopher Stoller did not have proper capacity to do so. To the extent Christopher Stoller did bring the suit on Michael Stoller's behalf, the court finds it was done in [an] attempt to [de]fraud the court.

On July 19, 2018, plaintiffs filed a motion to reconsider the court's February 15, 2018 and March 6, 2018 orders. They

---

[8] The court was unaware that an appeal of *Stoller I* was pending.

scheduled the motion for presentment on July 31, 2018. After a hearing on plaintiffs' motion, which they failed to attend, the court entered an order denying their motion to reconsider. In addition, because Christopher, Michael, and Leo had appearances on file through counsel, the court barred all three from personally filing any future motions or pleadings in the case.[9]

On September 21, 2018, the court held an evidentiary hearing on defendants' motion for sanctions and petition for fees and costs.

## II.

In defendants' briefing, they seek an order under Illinois Supreme Court Rule 137 (1) awarding attorneys' fees and costs against Christopher and his counsel, Philip Kiss; Leo; and Michael's counsel, Wayne Rhine; and (2) dismissing plaintiffs' claims with prejudice.

Rule 137 provides, in pertinent part, as follows:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee.

Ill. Sup. Ct. R. 137 (eff. July 1, 2013).

---

[9] Until that date, the court was unaware that attorneys were involved for plaintiffs.

"Pursuant to Rule 137, the trial court may impose sanctions against a party or his counsel for filing a motion or pleading that is not well grounded in fact, not supported by existing law, or lacks a good-faith basis for modification, reversal, or extension of the law, or is interposed for any improper purpose." *Whitmer v. Munson*, 335 Ill. App. 3d 501, 513-14 (1st Dist. 2002). The purpose of Rule 137 is "to prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions." *Krautsack v. Anderson*, 223 Ill. 2d 541, 561 (2006) (quoting *Sundance Homes v. Cnty. of Du Page*, 195 Ill. 2d 257, 285–86 (2001)); *see also Cult Awareness Network v. Church of Scientology Int'l*, 177 Ill. 2d 267, 279 (1997) ("Rule 137 was adopted as a means of preventing false and frivolous filings."); *Fischer v. Brombolich*, 246 Ill. App. 3d 660, 664 (5th Dist. 1993) ("The purpose of Rule 137 is to penalize litigants who plead frivolous or false matters or bring suit without any basis in law."). The rule is not intended to penalize litigants and their attorneys merely because they were "zealous, yet unsuccessful." *Whitmer v. Munson*, 335 Ill. App. 3d 501, 514 (1st Dist. 2002) (quoting *Peterson v. Randhava*, 313 Ill. App. 3d 1, 7 (1st Dist. 2000)).

When considering whether sanctions should be imposed on a party for filing frivolous pleadings, the court uses an objective standard in evaluating what was reasonable under the circumstances that existed at the time of filing. Even where the initiating party "honestly believed" his or her case was well-grounded in fact or law, it is still unreasonable to file the suit if its lack of merit could have been uncovered through reasonable inquiry. *Whitmer v. Munson*, 335 Ill. App. 3d 501, 514 (1st Dist. 2002). The grant or denial of a motion for sanctions rests within the sound discretion of the trial court. *Laurence v. Flashner Med. P'ship*, 206 Ill. App. 3d 777, 788 (1st Dist. 1990); *see also Peterson*, 313 Ill. App. 3d at 7 ("The trial court is free to determine the appropriate sanction in each case.").

Here, viewed objectively, Christopher did not have a good-faith basis for filing this action. As noted, this is the second lawsuit filed by Christopher in this court concerning a landlord-tenant dispute between Wesley Terrace and Christopher. Most of the defendants named in this case were either parties, or attorneys representing parties, in the eviction proceeding or in *Stoller I.* Christopher's current complaint contains virtually the same factual allegations as the complaint he filed in *Stoller I.* As the court found when considering defendants' motion to dismiss under 735 ILCS 5/2-619(a)(3), plaintiffs' right to file this case,

6

which is essentially a re-filing of *Stoller I*, depended entirely upon whether the costs of *Stoller I* were paid before this case was filed. The court ordered plaintiffs provide proof that those costs had been paid before they filed this case. No such proof was ever provided.

Moreover, the plaintiffs in *Stoller I* filed an appeal that remained pending before the appellate court when Christopher filed this case.[10] In all of these circumstances, *Stoller I* was still pending when this case was filed. There was no reasonable justification for filing this lawsuit while *Stoller I* was pending. It was not "well grounded in fact" or "warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." It was interposed for an improper purpose—to harass and needlessly increase in the cost and burden of litigation on the defendants.

Similarly, Christopher did not have a good-faith basis for filing this action on behalf of his nephew, Michael, who was clearly incompetent and no representative had been appointed for him. (*See* Order 3, July 11, 2018.) Lastly, Christopher did not have a good-basis to file *lis pendens* against the individual Wesley Terrance unit owners. As a predecessor judge explained during the hearing on defendants' emergency motion to void and remove the *lis pendens* Christopher recorded with the Cook County Recorder of Deeds:

> [T]his is really quite atrocious. Quite atrocious. You know, we've had judges – we've had pro se litigants file such liens against judges in this building. It's really spurious, questionable conduct. There is no basis. There's no claim here for an interest in title to this property.

(Hr'g Tr. 8:10–17, Aug. 30, 2017.)

None of these acts individually have any justification. Taking them together, they show a complete disregard for judicial process and deliberate abuse of the court. This is in keeping with many other occurrences in many other courts by the Stoller brothers.[11]

---

[10] Their appeal remained pending until it was dismissed by the appellate court, nearly a year after this case was filed, on May 11, 2018. *See Stoller v. Wesley Court Condo.*, 2018 IL App (1st) 161451-U.

[11] *See, e.g., Stoller v. Consumer Fin. Prot. Bureau*, 136 S. Ct. 879 (2016); *In re Leo D. Stoller*, No. 08-4240 (7th Cir. Dec. 4, 2009); *Google, Inc. v. Cent.*

Based on the court's objective review of the record in this case, the court concludes that Christopher knew the claims raised in this case lacked merit, and that his only objective in filing this frivolous lawsuit—and in needlessly perpetuating it through frivolous filings—was to harass and to needlessly increase the cost of a lawsuit that should have never been filed in the first place. For all these reasons, the court concludes that the filing and continued pursuit of this litigation violated Rule 137.

As to Wayne Rhine, the court finds that Mr. Rhine filed a limited appearance on behalf of an individual who should have never been a party to this litigation and then failed to withdraw when his limited-scope representation ended. *See* Ill. S. Ct. R. 13(c)(7) (eff. July 1, 2017). While this conduct is inappropriate, the court declines to award sanctions. Movants have not shown that Mr. Rhine's conduct caused any additional expenditure of attorneys' fees.

As to Philip Kiss, the court is concerned that a number of frivolous pleadings were filed using Mr. Kiss' typewritten signature. Mr. Kiss denied authorizing these filings, and there was insufficient proof offered to overcome his denials. By the time Mr. Kiss actually attended a court hearing, the damage had been done. Further, it is clear to the court that Christopher—not Mr. Kiss—was the moving force behind this litigation.

As to Leo, although his antics wasted much time, the court is not convinced that he committed a Rule 137 violation.

Defendants' petition seeks $34,680.76 in fees and costs incurred by Wesley Terrace and Reliable, and $10,385.90 in fees and costs incurred by the Cassiday defendants. The petition is verified by Attorney Erik L. Andersen, a partner at Cassiday, who avers that the petition is true and accurate. The petition is accompanied by billing records of work that the Cassiday attorneys performed in responding to Christopher's complaint and the numerous filings that followed. The records set forth in detail the services performed, by whom they were performed, the

---

*Mfg.*, 316 F. App'x 491 (7th Cir. 2008); *United States v. Stoller*, No. 10 CR 1052, 2013 U.S. Dist. LEXIS 145924 (N.D. Ill. Oct. 9, 2013); *Stoller ex rel. Stoller v. Bank of N.Y. Mellon*, No. CV 12-1307-PHX-GMS (JFM), 2013 U.S. Dist. LEXIS 136568 (D. Ariz. Sep. 24, 2013); *Bank of N.Y. Mellon v. Ribadeneira*, No. 10-cv-4991, 2010 U.S. Dist. LEXIS 104626 (N.D. Ill. Sep. 30, 2010); *Stoller v. Countrywide Bank, N.A.*, No. 09 L 14738 (Ill. Cir. Ct. Dec. 22, 2010).

time spent per task, the hourly rate charged, and the costs incurred.

As noted, the court held an evidentiary hearing on defendants' petition. After reviewing defendants' petition in light of all the relevant considerations, *see, e.g.*, *Harris Tr. & Sav. Bank v. Am. Nat'l Bank & Tr. Co.*, 230 Ill. App. 3d 591, 595–96 (1st Dist. 1992), the court finds that the amounts sought are fair and reasonable, and were entirely caused by the conduct described above. Defendants expended a significant amount of time and money responding to the frivolous filings in this case. The court concludes that an award of the amount of attorneys' fees and costs requested is both appropriate and necessary to deter future misconduct.

Although defendants ask the court to dismiss plaintiffs' case with prejudice as a sanction, it is unnecessary to enter dismissal as a sanction. On March 6, 2018, the court entered an order dismissing plaintiffs' complaint on substantive grounds. All other matters now being disposed of, the case is dismissed with prejudice.

Christopher and Leo's cross-motion for sanctions is without merit and is, therefore, denied.

\* \* \* \*

Based on the foregoing,

(1)    Defendants Wesley Terrace Condominium Association, Reliable Management Realty, Ltd., Cassiday Schade LLP, Bradford D. Roth, Jean M. Golden, Joseph A. Giannelli, Trisha Tesmer, and Robert H. Summers Jr.'s petition for fees and costs is granted;

(2)    Judgment is entered against plaintiff Christopher Stoller and in favor of defendants Wesley Terrace Condominium Association and Reliable Management Realty, Ltd., in the amount of $34,680.76;

(3)    Judgment is entered against plaintiff Christopher Stoller and in favor of defendants Cassiday Schade LLP, Bradford D. Roth, Jean M. Golden, Joseph A. Giannelli, Trisha Tesmer, and Robert H. Summers Jr. in the amount of $10,385.90;

9

(4)     Plaintiff Christopher Stoller and non-party Leo Stoller's cross-motion for sanctions is denied;

(5)     The May 24, 2019 case management conference is stricken; and

(6)     Case dismissed with prejudice.

ENTERED:    Judge Jerry A. Esrig

MAY 1 0 2019

Circuit Court - 2101

Honorable Jerry A. Esrig
Circuit Judge, Law Division

Dated:    May 10, 2019

EXHIBIT C



| | 175 North Archer Avenue \| **Mundelein**, IL 60060 | T 847.537.0500 \| F 847.537.0550 |
|---|---|---|
| | 55 West Monroe Street, Suite 2445 \| **Chicago**, IL 60603 | T 312.372.3227 \| F 312.372.4646 |
| | 1220 Iroquois Avenue, Suite 100 \| **Naperville**, IL 60563 | T 630.717.6100 \| F 630.548.5568 |
| | 209 8th Street \| **Racine**, WI 53403 | T 262.634.6750 \| F 847.537.0550 |

ksnlaw.com

**35** YEARS
ANNIVERSARY

September 9, 2019

Via e-mail (CNS40@hotmail.com))

**Reply to: Mundelein**
T 847.777.7314
bwilson@ksnlaw.com

Re:     **Stoller v. Kovitz Shifrin Nesbit et al.**
        **Case No.     1:19-cv-02546**
        **Our File No.  KSN99-38050**

Dear Mr. Stoller:

Please find enclosed with this letter a draft of a Motion for Sanctions that Kovitz Shifrin Nesbit (on behalf of the firm and the individually named Kovitz Shifrin Nesbit attorneys who my firm has appeared for) intends on filing pursuant to Federal Rule of Civil Procedure 11. KSN views the Amended Complaint as frivolous for the reasons outlined in more detail in its Motion to Dismiss as well as the enclosed Motion for Sanctions. If the Amended Complaint is not withdrawn against KSN, as well as the individually named attorneys, within 21 days of the date of your receipt of this letter, KSN will proceed with the filing of the enclosed Motion for Sanctions.

Do not hesitate to contact the undersigned with any questions.

Sincerely,

Brandon R. Wilson

# EXHIBIT D

**Andrea J. Stoll**

| | |
|---|---|
| **From:** | C S <cns40@hotmail.com> |
| **Sent:** | Monday, September 9, 2019 6:24 PM |
| **To:** | Andrea J. Stoll |
| **Cc:** | Brandon R. Wilson; Nicholas R. Mitchell; gmiller@borkanscahill.com; sborkan@borkanscahill.com; tscahill@borkanscahill.com; whutchinson@borkanscahill.com; eschnidt@borkanscahill.com |
| **Subject:** | Re: Stoller v. Fumo, et al. - 1:19-cv-02546 |
| **Attachments:** | Mitchell.JPG; Kovitz.JPG; durbin.jpg; Kapustka large2.jpg; Shifrinlarge22.jpg; KSN Large Logo.JPG; Fumo service 5-10-19.jpg; Nesbit.JPG; aeaelogo3.jpg |

Nickolas R. Mitchel  & Crew

Mitchel is is always a pleasure to hear from the Kovitz law firm.

Thank you for  your email.

We are putting you on notice that should you file a Rule 11 , we will immediately file a cross motion for Rule 11 Sanctions, an ARDC Complaint and a Complaint with the U.S. Attorney against you and every member of you law firm for allegations of  engaging in collection fraud and mail fraud.

Although threats of criminal prosecution and attorney disbarment complaints has never deterred the Kovitz firm from conducting their business. The fact that another ARDC complaint will be filed against each member of the Kovitz Firm does not concern the Kovitz attorneys.

Hope you folks had a pleasant summer.

Most Cordially

Christopher Stoller
Executive Director of the Americans for the Enforcement of Attorney Ethics (AEAE)
www.rentamark.net



## SUE THE BASTARDS

CHICAGO (AEAE) WARREN E. BUFFETT'S MODULAR HOME MANUFACTURER CHM MANUFACTURING INC., PRESIDENT KEITH HOLDBROOKS AND THEIR CFO JIM STARIHA have been charged in a...

www.rentamark.net

**From:** Andrea J. Stoll <AStoll@ksnlaw.com>
**Sent:** Monday, September 9, 2019 4:52 PM
**To:** cns40@hotmail.com <cns40@hotmail.com>
**Cc:** Brandon R. Wilson <BWilson@ksnlaw.com>; Nicholas R. Mitchell <NMitchell@ksnlaw.com>;
gmiller@borkanscahill.com <gmiller@borkanscahill.com>; sborkan@borkanscahill.com <sborkan@borkanscahill.com>;
tscahill@borkanscahill.com <tscahill@borkanscahill.com>; whutchinson@borkanscahill.com
<whutchinson@borkanscahill.com>; eschnidt@borkanscahill.com <eschnidt@borkanscahill.com>
**Subject:** RE: Stoller v. Fumo, et al. - 1:19-cv-02546

Good afternoon,

Resending the attached due to an incorrectly typed email address. Please find the enclosed correspondence on behalf of
Attorney Brandon R. Wilson.

Thank you,



Andrea J. Stoll | **Kovitz Shifrin Nesbit**
Junior Litigation Paralegal
175 N. Archer Avenue
Mundelein, IL 60060
Direct: 847.777.7210 | Fax: 847.537.9311
astoll@ksnlaw.com
www.ksnlaw.com

**NOTICE OF INTENTION TO COLLECT A DEBT**
**Pursuant to Fair Debt Collection Practices Act, 15 USC 1692 et seq.**
**This is an attempt to collect a debt and any information obtained will be used for that purpose.**
*Property Managers and Board Members: For updates on your collection cases available 24/7, please visit our online web*
*portal at https://cso.ksnlaw.com or reply back to me to request a user name and password.*
Kovitz Shifrin Nesbit is dedicated to preserving our environment. Please join us and consider not printing this e-mail unless necessary.
The information contained in this e-mail communication is intended only for the personal and confidential use of the designated recipient named
above. This message may be an attorney-client communication and, as such, is privileged and confidential. If you are not the intended recipient,
you are hereby notified that you have received this communication in error and that any review, dissemination, distribution or copying of the
message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and/or reply e-mail and
destroy all copies of the original message.

**From:** Andrea J. Stoll
**Sent:** Monday, September 9, 2019 3:22 PM
**To:** cns40@homail.com
**Cc:** Brandon R. Wilson <BWilson@ksnlaw.com>; Nicholas R. Mitchell <NMitchell@ksnlaw.com>;
gmiller@borkanscahill.com; sborkan@borkanscahill.com; tscahill@borkanscahill.com; whutchinson@borkanscahill.com;
eschnidt@borkanscahill.com
**Subject:** Stoller v. Fumo, et al. - 1:19-cv-02546

Hello,

Please find the enclosed correspondence on behalf of Attorney Brandon R. Wilson.

Thank you,



Andrea J. Stoll | **Kovitz Shifrin Nesbit**
Junior Litigation Paralegal
175 N. Archer Avenue
Mundelein, IL 60060
Direct: 847.777.7210 | Fax: 847.537.9311
astoll@ksnlaw.com
www.ksnlaw.com

**NOTICE OF INTENTION TO COLLECT A DEBT**
**Pursuant to Fair Debt Collection Practices Act, 15 USC 1692 et seq.**
**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

*Property Managers and Board Members: For updates on your collection cases available 24/7, please visit our online web portal at https://cso.ksnlaw.com or reply back to me to request a user name and password.*

Kovitz Shifrin Nesbit is dedicated to preserving our environment. Please join us and consider not printing this e-mail unless necessary.

The information contained in this e-mail communication is intended only for the personal and confidential use of the designated recipient named above.  This message may be an attorney-client communication and, as such, is privileged and confidential. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and/or reply e-mail and destroy all copies of the original message.

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

EXHIBIT E



175 North Archer Avenue | **Mundelein**, IL  60060   T 847.537.0500 | F 847.537.0550
55 West Monroe Street, Suite 2445 | **Chicago**, IL  60603   T 312.372.3227 | F 312.372.4646
1220 Iroquois Avenue, Suite 100 | **Naperville**, IL  60563   T 630.717.6100 | F 630.548.5568
209 8th Street | **Racine**, WI  53403   T 262.634.6750 | F 847.537.0550

ksnlaw.com

**35** YEARS
ANNIVERSARY

May 24, 2019

<u>**Via e-mail**</u> (CNS40@hotmail.com)

Reply to:  **Mundelein**
T  847.777.7314
bwilson@ksnlaw.com

Re:    **Stoller v. Kovitz Shifrin Nesbit et al.**
        **Case No.    1:19-cv-02546**
        **Our File No.  KSN99-39030**

Dear Mr. Stoller:

Please find enclosed with this letter a draft of a Motion for Sanctions that Kovitz Shifrin Nesbit (on behalf of the firm and the individually named Kovitz Shifrin Nesbit attorneys) intends on filing pursuant to Federal Rule of Civil Procedure 11.  KSN views the Complaint as frivolous for the reasons outlined in more detail in its Motion to Dismiss as well as the enclosed Motion for Sanctions.  If the Complaint is not withdrawn against KSN, as well as the individually named attorneys, within 21 days of the date of your receipt of this letter, KSN will proceed with the filing of the enclosed Motion for Sanctions.

Do not hesitate to contact the undersigned with any questions.

Sincerely,

Brandon R. Wilson

cc:  sborkan@borkanscahill.com, tscahill@borkanscahill.com, whutchinson@borkanscahill.com,
      eschnidt@borkanscahill.com

**Andrea J. Stoll**

---

**From:** L Stoller <ldms4@hotmail.com>
**Sent:** Friday, May 24, 2019 3:57 PM
**To:** Nicholas R. Mitchell <NMitchell@ksnlaw.com>
**Subject:** Re: Cross Motion for Rule 11 Sanctions

Mr. Mitchel

Stoller v. Fumo

We are putting you and each member of your law firm on notice is you file that  frivolous Rule II we will file a
Cross Motion for Rule 11 and ARDC complaint's against each an evey member of your law firm for violating
ARDC Rule 3.3(a)   Rule 8.4.

We also intend to file attorney disbarment complaints against each and evey member of your law firm before
every State and Federal Jurisdiction were they are licensed to practice law.

Mr. Mitchel the threat of ARDC complaint never has bothered  you in the past and we are confident that it will
not bother you or members of your law firm, who care little for the Illinois Rules of Professional Conduct, in
the future. You once said that "I am a collection lawyer and my reputation doesn't matter."

Act Accordingly

Christopher Stoller E.D. of the Americans for the Enforcement of Attorney Ethics (AEAE) since 1974
www.rentamark.net



## SUE THE BASTARDS

CHICAGO-(AEAE) TODAY A CIVIL LAWSUIT was filed against the Chicago Law firm of Kovitz Shifrin Nesbit for Mail Fraud and other charges.

www.rentamark.net